John Edward GREEN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70939.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

John Edward Green, Eloy, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, District Counsel, U.S. Immigration & Naturalization Service, Office of the District Counsel, Phoenix, AZ, Allen W. Hausman, Attorney, John M. McAdams, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

John Edward Green, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

The IJ dismissed Green's asylum claim pursuant to 8 U.S.C. § 1158(a)(2), which requires that an asylum application be filed within one year of the applicant's arrival in the United States. We lack jurisdiction to review the IJ's determination under this section. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We therefore dismiss this portion of the petition.

Pursuant to 8 U.S.C. § 1252(a), we have jurisdiction to review the denial of withholding of removal and CAT relief. *Id.* We review for substantial evidence the IJ's factual findings. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000).

Substantial evidence supports the IJ's denial of Green's withholding of removal claim because he failed to show that his persecution was on account of his actual or imputed political opinion, or his membership in a particular social group. *See id.* at 1029–31.

Substantial evidence also supports the IJ's denial of Green's CAT claim because he did not demonstrate that it was more likely than not that he would be tortured if returned to Jamaica. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

We are unpersuaded by Green's due process contentions.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DIS-MISSED in part, DENIED in part.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.